UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>   Plaintiff,<br><br> v.<br><br>SCOTT KERNAN, et al.,<br><br>   Defendants. | No. 2:17-cv-0345 MCE AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner incarcerated at California State Prison Solano, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with this putative civil rights action filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that this action be dismissed for failure to state a cognizable federal claim or otherwise establish federal subject matter jurisdiction.

### REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff requests leave to proceed in forma pauperis. See ECF No. 2. However, because this court recommends the summary dismissal of this action, it also recommends that no fee be imposed.

////

1

## LEGAL STANDARDS FOR SCREENING PLAINTIFF'S COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## PLAINTIFF'S ALLEGATIONS

In his First Amended Complaint (FAC),[1] ECF No. 5, plaintiff sues CDCR Secretary Scott Kernan, and "Jane Doe" or "John Doe," identified as a "Workforce Member" of the California Correctional Health Care Services (CCHCS). Plaintiff alleges that his personal identifying information and private health information were improperly disclosed to unknown third parties due to the theft of a laptop from an unidentified CCHCS employee. The FAC asserts claims under the First, Eighth and Fourteenth Amendments, and a state negligence claim.

Attachments to the FAC demonstrate that CCHCS informed prisoners of the possible disclosure of such information by individual letters dated May 16, 2016. The letters informed each prisoner that, on April 25, 2016, CCHCS identified a "potential breach" of inmates' "Personally Identifiable Information and Protected Health Information" due to the February 25, 2016 theft of "[a]n unencrypted laptop . . . from a CCHCS workforce member's personal vehicle," although "[t]he laptop was password protected in accordance with state protocol." ECF No. 5 at 22. The letter states that CCHCS does not know whether any sensitive information was contained in the laptop and, even if it was, does not know whose information may have been included. Id.

Plaintiff sought to determine, through the prison's administrative grievance procedure, whether his personal information had been compromised. Plaintiff was informed, inter alia, that the results of the administration's internal review "indicate that no information was likely to have been compromised as the computer was password protected." Id. at 23.

By this action, plaintiff seeks a declaratory judgment that the defendants' challenged conduct violated plaintiff's rights; an order directing defendants "to pay the cost(s) for a professional investigator(s), to investigate, prove, and verify if Plaintiff's confidential and personal identification, numbers, and information has been 'compromised and/or violated;'" and

---

[1] Plaintiff filed his FAC two weeks after filing his original complaint, before this court screened the initial complaint. The court freely grants leave to amend at such a preliminary stage. See Fed. R. Civ. P. 15(a)(2).

1  an award of compensatory damages for plaintiff's emotional distress in the amount of $500,000,
2  plus costs and fees.  Id. at 6, 29.

## SCREENING OF PLAINTIFF'S COMPLAINT

Significantly, there is no evidence that plaintiff's confidential information was improperly obtained by a third party.  Because plaintiff's allegations are entirely speculative, they fail to meet the "plausibility" requirement for stating a cognizable federal claim.  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

More importantly, because plaintiff is unable to demonstrate an "injury in fact," this court is without jurisdiction to consider his claims under the case or controversy requirement of Article III, Section 2 of the Constitution.  To meet this requirement, a plaintiff must show "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  Although potential future harm can in some instances confer standing, the plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical."  Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (theft of a laptop *known* to contain plaintiffs' unencrypted names, addresses, and social security numbers sufficient to confer standing).  Because the alleged harm in the instant case is both conjectural and hypothetical, plaintiff does not have standing to pursue this action.[2]

---

[2] Even if plaintiff could state a cognizable claim, he has failed to name a proper defendant. CDCR Secretary Kernan is not a "person" subject to suit under Section 1983, which excludes states, state entities, and state employees acting in their official capacities.  See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see also Kentucky. Graham, 473 U.S. 159 (1985).  Nor can Kernan be liable under a respondeat superior theory.  See Ashcroft, 556 at 679.  Further, "Doe" defendants are disfavored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Brass v.

Nor does plaintiff's state law negligence claim confer federal subject matter jurisdiction. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). In the absence of a cognizable federal claim, this court should not exercise supplemental jurisdiction over plaintiff's putative state law claim. Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims upon dismissal of all claims over which it has original jurisdiction).

## NO LEAVE TO AMEND

For these reasons, this court finds that the allegations of plaintiff's FAC fail to state a cognizable federal claim or otherwise establish federal subject matter jurisdiction, and that these deficiencies cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend;
2. No fee be imposed pursuant to plaintiff's application to proceed in forma pauperis; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2017

_allison claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).